IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARTER GREEN,[1] | § | |
| | § | No. 46, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CS22-05437 |
| JANISE FLETCHER, | § | |
| | § | Petition Nos. 22-17786 |
| Respondent Below, | § | 22-17792 |
| Appellee. | § | |

Submitted: December 6, 2024
Decided: February 7, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) In August 2022, the appellant ("Father") and the appellee ("Mother") filed cross-petitions for custody of their six-year-old child (the "Child"). As the litigation progressed, both parents sought permission to relocate with the Child from Sussex County: Father wanted to move to New Castle County, and Mother wanted to move to Virginia Beach, Virginia. The witnesses during the five-day trial included the parents; the Child's kindergarten and first-grade teachers; the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

behavioral interventionist and an assistant principal from the Child's school; two psychiatrists who treated the Child; a Ph.D clinical psychologist who evaluated the Child; and the Child's pediatrician. Ashley Barrett, MS, NCC, who provided individual counseling to the Child and conducted a course of Parent-Child Interactive Therapy with both parents and the Child, also testified. Other evidence included a custody evaluation performed by Mary Vaughn, Psy.D., numerous text messages and emails, mental health records, and audio and video recordings.

(2) On January 3, 2024, in a thoughtful and detailed bench ruling that spans eighty-eight transcript pages, the Family Court applied the best-interest factors[2] and the relocation factors,[3] the latter as modified to account for the fact that both parents sought to relocate. The court determined that the parties would have joint legal custody, with Mother having primary residential placement and permission to relocate to Virginia Beach. The court established a visitation schedule under which the Child would spend spring break and every other weekend with Father during the school year and would alternate two-week periods with each parent during the summer break.

---

[2] *See* 13 *Del. C.* § 722(a) (providing that the Family Court "shall determine the legal custody and residential arrangements for a child in accordance with the best interests of the child" based on consideration of "all relevant factors," and setting forth some factors for consideration).
[3] *See id.* § 734 (listing factors for consideration when deciding whether to permit a proposed relocation of a child).

2

(3)     Father has appealed to this Court.  He challenges the court's credibility determinations and weighing of the evidence, contending that the Family Court erroneously favored Mother's testimony over Father's and disregarded evidence supporting Father's position.  He argues that the Family Court erred in its factual findings, especially as to whether Father administered the Child's psychiatric medication as prescribed.  He also asserts that the Family Court erroneously denied his request for preparation of the trial transcripts at State expense, hampering his ability to present his position on appeal.

(4)     We first address the transcript issue.  In his notice of appeal, Father designated the transcripts of the entire five-day trial and the bench ruling.  The Family Court denied Father's request for a waiver of the appeal preparation and transcript fees, explaining:  "Based on evidence presented during trial in this matter, [Father] appears to be voluntarily unemployed/underemployed and has very few expenses, as his housing and other expenses are paid by his family.  As such, in forma pauperis status is not appropriate and is denied."[4]  Father sought reconsideration, narrowing the scope of the transcripts that he designated to encompass the testimony of certain witnesses and the court's bench ruling.  The Family Court denied the motion for reconsideration, stating that Father's narrowing

_____

[4] Based on the information provided in Father's motion and affidavit to proceed in forma pauperis filed with his notice of appeal, this Court granted his motion to proceed without paying this Court's filing fee.

3

of the request did not change the court's determination as to his indigency. Father then filed a motion in this Court seeking an extension to pay for the transcripts, with particular emphasis on his need for the bench ruling. The Court directed the Family Court to provide for the preparation of the transcript of the bench ruling at no cost to Father. Father thereafter paid for transcripts of portions of the trial—those transcripts and the transcript of the bench ruling are in the record on appeal.

(5) We find no abuse of discretion in the Family Court's denial of Father's request that he be provided free transcripts. A litigant in a civil case does not have an absolute right to transcripts at State expense.[5] As a general rule, "[e]ven an appellant . . . who was permitted to proceed *in forma pauperis* on appeal[] is required to make her own financial arrangements to obtain necessary transcripts."[6] This Court will not disturb a trial court's denial of a motion for transcripts at State expense absent an abuse of discretion.[7] In this case, the Family Court denied Father's request because the court concluded that Father is voluntarily underemployed or unemployed. We find no abuse of discretion in that ruling.[8] Father's conclusory

---

[5] *Zane v. Harris*, 2011 WL 4342638, at *2 (Del. Sept. 15, 2011).
[6] *Porter v. Mannion*, 2004 WL 1656507, at *1 (Del. July 20, 2004).
[7] *Id.* at *2; *Zane*, 2011 WL 4342638, at *2.
[8] *See Zane*, 2011 WL 4342638, at *2 ("[T]he Family Court denied [the appellant's] free transcript request because the court concluded that [his] unemployment was the result of his own voluntary actions."); *see also Porter*, 2004 WL 1656507, at *1 (holding that Family Court did not abuse its discretion by denying appellant's request for a hearing transcript at State expense, in appeal in which the appellant argued that the Family Court judge was biased at the hearing); *Guest v. Guest*, 2003 WL 22931400, at *2 (Del. Dec. 8, 2003) (rejecting appellant's claim that the Family Court

4

and generalized assertion that denying free transcripts allows judges to hide biased rulings does not show that the Family Court abused its discretion in denying Father's request to be provided transcripts of the trial at taxpayer expense. Father's allegations that the Family Court judge was biased appear to be based solely on his disagreement with the judge's rulings, not on any specific allegation of bias.

(6) As to Father's other arguments, our review of a Family Court custody decision extends to both the facts and the law, as well as to the inferences and deductions made by the trial court.[9] To the extent the Family Court's decision implicates rulings of law, our review is de novo.[10] Findings of fact will not be disturbed unless they are found to be clearly erroneous and justice requires that they be overturned.[11] The trial court's decision will be affirmed "when the inferences and deductions upon which it is based are supported by the record and are the product of an orderly and logical deductive process."[12]

(7) Under Delaware law, the Family Court is required to determine legal custody and residential arrangements for a child in accordance with the best interests

abused its discretion by denying her request for transcript of Family Court hearing at State expense).

[9] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006); *see also Gifford v. Miller*, 2023 WL 6546073, at *5 (Del. Oct. 6, 2023) ("The record reflects that the Family Court considered the relevant [relocation] factors [under 13 *Del. C.* § 734] and made factual findings that are supported by the record. We find no abuse of discretion in the Family Court's decision to award primary placement of the Child to Father.").

[10] *Mundy*, 906 A.2d at 752.

[11] *Id.*

[12] *Id.* at 752-53.

of the child.[13] "When in the course of litigation involving custody or visitation, there is a proposed relocation of a child for a period of 60 days or more involving either a move outside the State of Delaware or a move that materially affects the current custodial and residential arrangement or order," the Delaware Code sets forth additional factors that the court must consider.[14] The Family Court's decision and the record before the Court reflects that the Family Court carefully reviewed the evidence and applied the best-interest factors under 13 *Del. C.* § 722 and the relocation factors under 13 *Del. C.* § 734 to the evidence presented. The court appropriately modified the relocation factors to apply them to the factual circumstances of this case, in which both parents sought to relocate. The court gave significant weight to the evidence provided by the numerous professionals who were involved in this case, including Ashley Barrett, who spent a substantial amount of time with the Child and each parent, including while engaging in a course of Parent-Child Interactive Therapy, and Dr. Vaughn's custody evaluation.

(8) Father challenges the credibility of the witnesses and evidence upon which the Family Court based its decision and asserts that the Family Court should have given more or less weight to various facts when reaching its decision. We defer to the Family Court's factual findings and its credibility determinations because

---

[13] 13 *Del. C.* § 722.
[14] *Id.* § 734.

6

Father has not established that they were clearly wrong. Moreover, Father's contention that the Family Court was biased arises from his disagreement with the Family Court's factual findings and conclusion rather than on any facts suggesting bias.[15]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[15] *Cf. Irwin v. Shelby*, 210 A.3d 705, 707 (Del. 2019) ("The father expresses concern that the Family Court judge was biased in favor of the mother. One view of the record is that the Family Court judge came to the custody dispute predisposed against the father and approached the remainder of the proceedings with a closed mind. But, another view of the record is the Family Court undertook the proper legal analysis, and the factual findings it made in this difficult case with conflicting testimony—not unlike most cases coming before the Family Court—are entitled to deference on appeal."); *Stuart v. Stuart*, 2018 WL 3688589, at *1 (Del. Aug. 1, 2018) ("Father's contention that the Family Court was biased against him because it relied upon perjured testimony has no basis in fact.").